Mastín, J.
delivered the opinion of the court.
The dismissal of the appeal is prayed for on account of the service of petition and citation of appeal having been made on the attorney of the appellees, although the latter are residents of the State.
2. That there was not sufficient time from the service of the process of appeal to the return day for the appellees to answer ih; it appearing that there were only eleven days allowed when they were entitled to twenty.
3. That the record is certified by the “ parish judge,” instead of the “ judge of the court of probates.”
The appeal in this case was granted the first of January, 1838, and made [466] returnable to the first Monday of June following. No motion was made to dismiss during the remainder of that year, nor in that of 1839, in whioh the remedial law in case of appeals was passed; nor during the whole of the following year. We think the appellee is too late in his objections to the appeal, and in his motion to dismiss, to prevent this court from extending to the appellant, the benefits of the Act of 1839, allowing further time to correct errors of service of citation, &c. See the case of Perkins v. Dixon, tutor, So., just decided; Session Acts of 1839, sect. 19, pp. 162, 170.
I. The appellee seeks to avail himself of an error in the service of citation and petition of appeal, on the ground that it was made on an improper person.
II. The second ground of dismissal is also an error in the service of the process of appeal.
III. The last ground stated, is an irregularity in the judge’s certificate to the record, in attesting it as parish judge, wheD he should have signed as judge of probates.
Neither of the foregoing errors or irregularities appears to be imputable to the appellant. In such a case the legislature has prohibited us from dismissing the appeal; but directs, that a reasonable time he granted to correct such errors or irregularity. Time is therefore granted until the next term of this court for this purpose.